UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER PEALE,<br><br>                              Plaintiff,<br><br>           -against-<br><br>NEW YORK STATE,<br><br>                              Defendant. | 23-CV-2292 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Peter Peale ("Plaintiff") brings this *pro se* Action, for which he has paid the fees, alleging that New York Penal Law § 400.00(19), which requires completion of a training class to obtain a concealed carry gun permit, violates his rights under the Second and Fourteenth Amendments to the United States Constitution. (*See generally* Compl. (Dkt. No. 1).) The Court construes the Complaint as asserting claims under 42 U.S.C. § 1983 ("§ 1983").

## I.  Standard of Review

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## II.  Discussion

### A.  Defendants

#### 1.  The State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.  New York has not waived its Eleventh Amendment immunity to suit in federal court, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and Congress did not abrogate the states' immunity in enacting § 1983, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

#### 2.  Proper Defendant

In a challenge to the constitutionality of a state statute under §1983, the proper defendant "is typically the state official charged with enforcing the statute." *Aron v. Becker*, 48 F. Supp. 3d 347, 379 (N.D.N.Y. 2014) (citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986)).  Plaintiffs challenging New York State gun laws consistently name the Superintendent of the New York State Police.  *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) (in action against the New York State Police Superintendent, holding that New York's "proper cause" requirement for issuing a license to carry a firearm was unconstitutional); *Hardaway v. Nigrelli*, — F.Supp.3d —, 2022 WL 16646220, at *1 (W.D.N.Y. Nov. 3, 2022) (in case naming Acting

New York State Police Superintendent Steven A. Nigrelli, granting motion for preliminary injunction of statute prohibiting possession of firearms in places of worship), *appeal filed*, No. 22-2933 (2d Cir. Nov. 15, 2022); *Frey v. Nigrelli*, No. 21-CV-5334, 2023 WL 2473375, at *1 (S.D.N.Y. Mar. 16, 2023) (partially granting preliminary injunction on enforcement of state gun law; motion for stay pending appeal filed).

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").

In light of Plaintiff's *pro se* status and his clear intention to assert claims against a proper state defendant, the Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to add Steven A. Nigrelli, who is the Acting Superintendent of the New York State Police, as a defendant. This substitution is without prejudice to any defenses that Nigrelli may wish to assert.

B. Defendants

The Clerk of Court is directed to issue a summons as to Defendant Acting New York State Superintendent of Police Steven A. Nigrelli ("Nigrelli"). Plaintiff is directed to serve the summons and Complaint on Nigrelli within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served Nigrelli or requested an extension of time to do so, the Court may dismiss the claims against Nigrelli under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

III. Conclusion

The Clerk of Court is directed to: (1) dismiss New York State as a defendant; (2) add the Acting Superintendent of the New York State Police, Steven A. Nigrelli, as a defendant under

Fed. R. Civ. P. 21; (3) issue a summons for Defendant Nigrelli; and (4) mail to Plaintiff the summons and an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 3, 2023
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge