UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PETER PEALE,

**MEMO ENDORSED**

                          **PLAINTIFFS MOTION FOR SUMMARY JUDGEMENT**

        Plaintiff
        Pro Se.,                  Index No.23-CV-2292(KMK)

    -against-

Steven A. Nigrelli

        Defendant
-------------------------------------------------------------X
STATE OF NEW YORK County Of Westchester

Peter Peale being duly sworn deposes and says:
Peter Peale is the party named as PLAINTIFF
Steven A. Nigrelli is the party named as Defendant(s)

Plaintiff hereby moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.

### A. Legal Standard

It is well-settled that summary judgment should be granted where there are no material facts in dispute. See Sheiffer v. Shenkman Capital Mgt., 291 A.D.2d 295, 295 (1st Dep't 2002); see also Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395, 404 (1957) ("To grant summary judgment it must clearly appear that no material triable issue of fact is presented.") (internal citation omitted).

Once the moving party meets its initial burden in showing that it is entitled to a

judgment in its favor as a matter of law, the burden shifts to the non-moving party to show that genuine issues of material fact exist so as to preclude summary judgment. See Zuckerman v. City of New York, 49 N.Y.2d 557, 562 (1980). In order to avoid summary judgment, the non-moving party "must make his showing by producing evidentiary proof in admissible form." Friends of Animals, Inc. v. Associated Fur Mfrs., Inc., 46 N.Y.2d 1065, 1067-68 (1979).

**B. Plaintiffs Are Entitled to Summary Judgment As a Matter of Law**

The plaintiff has provided numerous examples of constitutional violations by the defendant. The violations were executed under the direction and authority of Steven A. Nigrelli.

**C. Defendant Fails to Answer Complaint**

The defendant was ordered to respond to the complaint within 21days of service. Based upon that court order the Defendant has defaulted.

**D. Proof Of Service**

**EXHIBIT A: Usps certified Mail Reciept**

**EXHIBIT B: Usps proof of mail delivery to Defendants address.**

Dated: June 29, 2023

Respectfully submitted,

By: *[signature: Peter Peale]*

Peter Peale
Pro Se.
P.O. Box 767
Peekskill, NY 10566

---

*Plaintiff's Motion for Summary Judgment is premature and therefore denied without prejudice. Plaintiff may refile such a motion at the close of discovery.*

*Plaintiff has until November 13, 2023 to serve Defendant. For questions about service, Plaintiff is directed to contact the Pro Se Intake Unit at 212-805-0175, or 300 Quarropas Street, White Plains, NY 10601.*

*The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 8), to mail a copy of this memo endorsement to Plaintiff, and to certify when they have done so.*

*So Ordered.*   *[signature: KMK]*   10/11/2023