UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER PEALE,

*Plaintiff*,

v.

STEVEN G. JAMES,

*Defendant*.

---

No. 23-CV-2292 (KMK)

<u>ORDER & OPINION</u>

Appearances:

Peter Peale
Peekskill, NY
*Pro Se Plaintiff*

S. Cynthia Luo, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

 Peter Peale ("Peale" or "Plaintiff") brings this Action against Acting Superintendent of the New York State Police Steven G. James ("James" or "Defendant"), alleging violations of the Constitution and New York Penal Law § 400.00(19).  (*See* Compl. (Dkt. No. 1).)  Before the Court is Defendant's Motion to Dismiss (the "Motion").  (*See* Not. of Mot. (Dkt. No. 28).)  For the reasons discussed below, the Motion is granted.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Complaint and are assumed to be true for the purpose of resolving the instant Motion.  *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024).

New York Penal Law Section 400.00(19) (the "Concealed Carry Permit Law") requires that applicants wishing to receive a permit authorized concealed carry take a 16-hour long safety course that costs approximately $575.  (Compl. 1.)  Plaintiff alleges that the Concealed Carry Permit Law is "clearly racist and discriminatory" and it "fails on equal inclusion" because it requires applicants to pay in order to apply for a permit while New York State provides assistance to non-citizens.  (*See id.* 1–2.)  Plaintiff also alleges that there are too few safety courses available, "thus creating a[n] Amendment II, § 4 violation of permit holders trying to seek compliance with this requirement."  (*Id.* 3.)

Plaintiff seeks many forms of relief, including a declaration that the Concealed Carry Permit Law is unconstitutional, that applicants who have participated in safety courses be reimbursed the course's cost, that the Court prohibit New York from enforcing the law, and that the Court prohibit New York from shifting revenue raised through concealed carry permits to "other fees like the threat of legislating 'ammunition taxes' proposed [in] Senate Bill S8415A . . . ."  (*Id.* 4–5.)

### B.  Procedural Background

On March 17, 2023, Plaintiff initiated this Action against the State of New York.  (*See* Compl.)  On April 3, 2023, the Court dismissed the State of New York as a Defendant and added Acting Superintendent of the New York State Police Steven A. Nigrelli ("Nigrelli") as a

Defendant pursuant to Federal Rule of Civil Procedure 21.  (*See* Dkt. No. 4 at 2–3.)  On June 29, 2023, Plaintiff filed a motion for summary judgment, (*see* Dkt. No. 8), to which Nigrelli filed a response arguing that he was not properly served, (*see* Dkt. No. 10).  On October 11, 2023, the Court denied Plaintiff's motion as premature and directed Plaintiff to serve Nigrelli by no later than November 13, 2023.  (*See* Dkt. No. 12 at 2.)  On October 13, 2023, Dominick L. Chiumento ("Chiumento") filed a motion to substitute for Nigrelli as acting superintendent.  (*See* Dkt. No. 13.)  Plaintiff opposed the substitution.  (*See* Dkt. No. 14.)  The Court noted in response that "[t]here is no basis to oppose the [m]otion to substitute" and directed Plaintiff to respond by November 30, 2023, if he had a "different view".  (*See* Dkt. No. 15 at 2.)  Plaintiff did not respond.  (*See generally* Dkt.)  On March 28, 2024, the Court ordered Chiumento substituted for Nigrelli, (*see* Dkt. No. 16 at 2) and ordered Plaintiff to show cause by no later than April 29, 2024, why the Action should not be dismissed for failure to serve, (*see* Dkt. No. 17 at 2).  On April 25, 2024, the Court ordered James substituted for Chiumento and directed Plaintiff to serve James within 90 days of summons issuing.  (*See* Dkt. No. 18.)  On May 2, 2024, summons issued.  (*See* Dkt. No. 21.)  On June 28, 2024, Plaintiff filed an affidavit of service on the docket. (*See* Service Aff. (Dkt. No. 22).)

 In late September 2024, the Court set a briefing scheduling on the instant Motion.  (*See* Dkt. Nos. 24, 27.)  Pursuant to that schedule, on November 1, 2024, Defendant filed his opening brief.  (*See* Not. of. Mot.; Def's Mem. in Supp. ("Def's Mem.") (Dkt. No. 29).)  Plaintiff's opposition brief was due by no later than December 1, 2024.  (*See* Dkt. No. 27.)  Plaintiff did not file an opposition brief.  (*See generally* Dkt.)  On December 19, 2024, the Court granted Defendant's request to deem the Motion fully submitted.  (*See* Dkt. No. 34.)  By letter dated December 20, 2024, Plaintiff requested a 60-day extension to respond to the instant Motion,

3

which the Court granted.  (*See* Dkt. No. 36.)  Plaintiff has neither filed his opposition brief nor otherwise communicated with the Court since December 20, 2024.  (*See generally* Dkt.)  On March 4, 2025, Defendant requested that the Court deem the Motion fully submitted.  (*See* Dkt. No. 38.)  Accordingly, the Court deems the Motion fully submitted and proceeds to decide it on the merits.  *See Labossiere v. Baxter*, No. 21-CV-10538, 2025 WL 887623, at *3 (S.D.N.Y. Mar. 21, 2025) (deeming motion fully submitted after plaintiff received notice of its submission and requested an extension, "further indicating that [plaintiff] was aware of his ability to respond"); *Mayo v. Reid*, No. 23-CV-9719, 2024 WL 5158212, at *2 (S.D.N.Y. Dec. 18, 2024) (deeming motion fully submitted after Plaintiff had received ample notice of its submission).

## II.  Discussion

### A.  Standard of Review

#### 1.  Rule 12(b)(1)

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.  If subject matter jurisdiction is lacking, the action must be dismissed."  *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, No. 19-CV-7577, 2024 WL 1199500, at *2 (S.D.N.Y. Mar. 20, 2024) (quoting *Biener v. Credit Control Servs., Inc.*, No. 21-CV-2809, 2023 WL 2504733, at *3 (S.D.N.Y. Mar. 14, 2023) (alteration in original)); *see also Wells Fargo Bank v. 5615 N. LLC*, No. 20-CV-2048, 2022 WL 15523689, at *3 (S.D.N.Y. Oct. 27, 2022) (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)).  "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint."  *Shekhem El v. Hiller*, No. 24-CV-730, 2025 WL 888544, at *4 (S.D.N.Y. Mar. 21, 2025) (quoting *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014)).  "Determining the existence of subject matter

jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), *aff'd*, 561 U.S. 247 (2010); *see also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (citation omitted)).

"The Second Circuit has explained that a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based." *PharmacyChecker*, 2024 WL 1199500, at *2 (citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016)). When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden," *Carter*, 822 F.3d at 56 (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)), and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue," *id.* (alterations adopted) (quoting *Amidax Trading Grp.*, 671 F.3d at 145). In making such a determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57 . However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d Cir. 2017). "If the extrinsic evidence presented by the defendant is material and controverted, the . . . [C]ourt will need to make findings of fact in aid of its decision as to standing." *Carter*, 822 F.3d at 57.

2.  Rule 12(b)(2)

"On a Rule 12(b)(2) motion, the plaintiff has the burden of establishing that the court maintains jurisdiction over the defendant." *Magassouba v. City of New York*, No. 23-CV-3686, 2025 WL 670843, at *3 (S.D.N.Y. Mar. 3, 2025) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)).  However, "prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (alteration adopted) (italics, citations, and quotation marks omitted); *see also Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008) ("Where . . . a district court relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction over the defendant." (citation and quotation marks omitted)).  "[A] prima facie showing of jurisdiction does not mean that [the] plaintiff must show only some evidence that [the] defendant is subject to jurisdiction; it means that [the] plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997).  A plaintiff may "make this showing through his own affidavits and supporting materials, containing an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (alteration adopted) (citations, and quotation marks omitted).

While a court may consider materials beyond the pleadings, the court must credit a plaintiff's allegations in support of jurisdiction and "construe the pleadings and any supporting materials in the light most favorable to the plaintiff[]." *Licci ex rel. Licci v. Lebanese Canadian*

*Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[W]here the issue is addressed in affidavits, all allegations are construed in the light most favorable to do the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). However, "[p]leadings that assert only 'conclusory non-fact-specific jurisdictional allegations' or state a 'legal conclusion couched as a factual allegation' do not meet this burden." *Pruthi v. Empire City Casino*, No. 18-CV-10290, 2022 WL 596370, at *2 (S.D.N.Y. Feb. 28, 2022) (quoting *Jazini*, 148 F.3d at 185); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (explaining that a court cannot "draw 'argumentative inferences' in the plaintiff's favor" in considering Rule 12(b)(2) motion (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992))).

    3.  Rule 12(b)(5)

    "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Valid service is a prerequisite for a federal court to assert personal jurisdiction over a claim. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (alteration adopted) (citation and quotation marks omitted); *see also Tomney v. Int'l Ctr. for the Disabled*, No. 02-CV-2461, 2003 WL 1990532, at *3 (S.D.N.Y. Apr. 29, 2003) ("Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its

adequacy."). In determining the sufficiency of service, the Court "must look to matters outside the complaint to determine what steps, if any, the plaintiff took to effect service." *C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (quotation marks omitted); *see also PH Int'l Trading Corp. v. Nordstrom, Inc.*, No. 07-CV-10680, 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009) ("A court may, on a Rule 12(b)(5) motion to dismiss, consider affidavits and documents submitted by the parties without converting the motion into one for summary judgment under Rule 56." (alteration adopted) (quotation marks omitted)).

"While Rules 12(b)(5) and 12(b)(2) are independent bases upon which dismissal may be granted, when service of process is at issue, they are 'closely interrelated.'" *Fantozzi v. City of New York*, 343 F.R.D. 19, 25 (S.D.N.Y. 2022) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2022)). Thus, "insufficient service can subject a complaint to dismissal under both rules." *Id.*; *see also George v. N.Y.C. Health & Hosps. Corp.*, No. 09-CV-3833, 2012 WL 1072274, at *3 (E.D.N.Y. Mar. 29, 2012) (dismissing a complaint "pursuant to Rules 12(b)(2) and 12(b)(5) for failure to establish personal jurisdiction due to insufficient service of process").

B.  Analysis

Defendant argues that he has not been properly served, thereby depriving the Court of personal jurisdiction over him and separately constituting a failure to prosecute and that the Court lacks subject matter jurisdiction because Plaintiff has not established standing. (Def's Mem 5–14.)[1]

---

[1] Defendant also argues that he is entitled to Eleventh Amendment immunity. (*See* Def's Mem. 14–16.) The Court does not reach the substance of this argument because, as discussed

1.  Insufficient Service of Process

As discussed above, "if service of process over [a defendant] is insufficient, then the Court may not exercise proper jurisdiction over them." *Pruthi v. Empire City Casino*, No. 18-CV-10290, 2022 WL 596370, at *4 (S.D.N.Y. Feb. 28, 2022).  Plaintiff must satisfy the requirements of service under Federal Rule of Civil Procedure 4; Rule 4(e)(1) provides that Plaintiff may "effect service on [Defendant] by following New York law." *Baity v. Kralik*, 51 F. Supp. 3d 414, 430 (S.D.N.Y. 2014).  New York's requirement for service on a state officer depends on the capacity in which the officer is sued—if he is sued in his official capacity, New York Civil Practice Law Section 307 applies, and if he is sued in his individual capacity, Section 308 applies. *See Xiu Jian Sun v. Cuomo*, No. 19-CV-497, 2019 WL 5307359, at *2 (N.D.N.Y. Oct. 21, 2019).  Here, it is unclear whether Defendant is being sued in his official or individual capacity.  Accordingly, the Court will analyze service under Sections 307 and 308.

Section 307 provides that service upon a state officer sued in his official capacity may be made by (1) delivering the summons to such officer or (2) "by mailing the summons by certified mail, return receipt request, to such officer . . . and [accompanied] by personal service upon the

---

below, it finds that Plaintiff has failed to serve Defendant and has not established standing. While Eleventh Amendment immunity "bars claims for damages against state officers and employees in their respective official capacities, . . . it does not preclude claims for prospective injunctive relief under Section 1983 against those individuals in their official capacities." *Jaime v. New York State Dep't of Corr. Cmty. Supervision*, No. 24-CV-3763, 2024 WL 3028938, at *2 (S.D.N.Y. June 17, 2024) (citing, inter alia, *Ex parte Young*, 209 U.S. 123, 155–56 (1908)).  The Court notes that Plaintiff's requested relief includes declaratory judgment and injunctive relief against the enforcement of the Concealed Carry Permit Law.  (*See* Compl. 4.)  Generously construed, the Complaint almost threads the needle.  What remains to be pled is that "the state officer against whom a suit is brought must have some connection with the enforcement of the act that is in continued violation of federal law." *Gazzola v. Hochul*, 645 F. Supp. 3d 37, 58 (N.D.N.Y. 2022), *aff'd*, 88 F.4th 186 (2d Cir. 2023) (quoting *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372–73 (2d Cir. 2005) (internal quotation marks omitted)).

state" by "delivering the summons to an assistant attorney-general . . . or the attorney-general . . . ." N.Y. C.P.L.R.§§ 307(1)–(2). There is no indication from the docket that Plaintiff delivered the summons to Defendant. (*See generally* Dkt.) On June 18, 2024, Plaintiff sent the summons and complaint to Defendant by certified mail. (*See* Service Aff.; Decl. of S. Cynthia Luo ("Luo Decl."), Ex. A (Dkt. No. 30-1) (a photocopy of the envelope in which Plaintiff mailed the summons and complaint).) Plaintiff has not, however, effected personal service on the state by delivering the summons to the New York State Attorney General or a state Assistant Attorney General. (*See* Luo. Decl ¶ 3 ("As of November 1, 2024, Plaintiff has failed to deliver summons to either the Attorney General or an Assistant Attorney General in the Office of the New York Attorney General.").) Finally, the envelope containing the summons and complaint did not include the words "urgent legal mail 'in capital letters,'" as required by Section 307. *Powell v. New York State Dep't of Educ.*, No. 18-CV-7022, 2022 WL 900605, at *10 (E.D.N.Y. Mar. 28, 2022) (quoting N.Y. C.P.L.R. § 307(2)). (*See* Luo Decl., Ex. A (showing the front of the envelope with the words "LEGAL MAIL").) The Court finds Plaintiff's service insufficient under Section 307. *See Walker v. New York State Dep't of Health*, No. 24-CV-6836, 2025 WL 1786917, at *41 (E.D.N.Y. June 26, 2025) (noting the court had found service insufficient under Section 307 where plaintiff did not mark the envelope "URGENT LEGAL MAIL"); *Xiu Jian*, 2019 WL 5307359, at *2–3 (finding service insufficient where, inter alia, plaintiff made no showing that he served an assistant attorney general or the attorney general).

Section 308 provides for personal service, service on an authorized agent, or service by in-state delivery to a person of "suitable age and discretion at the [defendant's] actual place of business, dwelling place, or usual place of abode" and accompanied by mailing to the defendant's last known residence or a first class mailing to defendant's "actual place of business"

in an envelope marked "personal and confidential." N.Y. C.P.L.R. §§ 308(1)–(3). Plaintiff

makes no showing that he personally served Defendant or that he delivered the summons to

someone at Defendant's residence or place of business or to one of Defendant's agents. (*See*

*generally* Dkt.) Further, Plaintiff's mailing was by certified mail, not first-class mail, and did not

bear the words "personal and confidential," so his attempt at service cannot suffice under Section

308(2). *See* N.Y. C.P.L.R. § 308(2) (requiring first-class mailing in an envelope with the words

"personal and confidential").) (*See* Service Aff.) The Court finds, therefore, that Plaintiff has

not effectuated service under Section 308. *See Di Pompo v. Mendelson*, No. 21-CV-1340, 2022

WL 1093500, at *3 (S.D.N.Y. Apr. 7, 2022) (finding that plaintiff had not made a prima facie

showing of service under Section 308).

Accordingly, "[b]ecause Plaintiff did not meet his burden of effectuating proper service,

the Court cannot exercise personal jurisdiction over Defendant[]" and the Complaint must be

dismissed. *Muhammad v. Annucci*, No. 19-CV-3258, 2023 WL 2557314, at *3 (S.D.N.Y. Mar.

17, 2023); *see also Pruthi*, 2022 WL 596370, at *4 (finding that the court must dismiss the

pleading under Rules 12(b)(2) and 12(b)(5) for lack of personal jurisdiction because plaintiff

failed to effect service); *cf. Alston as Tr. of The Loc. 272 Lab.-Mgmt. Pension Fund v. 1699 N.Y.*

*Ave Parking LLC*, No. 23-CV-6740, 2025 WL 836720, at *3 (S.D.N.Y. Jan. 31, 2025) ("The

Court also has personal jurisdiction over Defendant because Plaintiff properly served the

summons and complaint."), *report and recommendation adopted sub nom. Alston as Tr. of Loc.*

*272 Lab.-Mgmt. Pension Fund v. 1699 N.Y. Ave. Parking LLC*, 2025 WL 1266893 (S.D.N.Y.

May 1, 2025).

2.  Standing

Even if Plaintiff had properly effected service, his Complaint must be dismissed because he lacks standing.

Article III of the Constitution restricts the federal judicial power to the resolution of "Cases" and "Controversies."  U.S. Const. art. III, § 2.  Under Article III, "a case or controversy can exist only if a plaintiff has standing to sue."  *United States v. Texas*, 599 U.S. 670, 675 (2023); *accord TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  To satisfy that bedrock requirement, a plaintiff must show "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'"  *Vitagliano v. County of Westchester*, 71 F.4th 130, 136 (2d Cir. 2023) (quoting *Picard v. Magliano*, 42 F.4th 89, 97 (2d Cir. 2022)).  An injury in fact, in turn, means "an invasion of a legally protected interest[,]" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)), that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," *Lujan*, 504 U.S. at 560 (internal quotation marks omitted).  An injury is particularized if it "affect[s] 'the plaintiff in a personal and individual way'" and is not "a generalized grievance."  *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) (quoting *Lujan*, 504 U.S. at 560 n.1).  The second element "requires that 'the plaintiff's injury be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court.'"  *Corbett v. Hochul*, No. 22-CV-5867, 2024 WL 3553132, at *2 (S.D.N.Y. July 26, 2024) (quoting *Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*, 88 F.4th 344, 352 (2d Cir. 2023)).

Liberally construing the Complaint to "raise the strongest claims that it suggests," *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)), the Court understands Plaintiff's allegations to assert that the Concealed Carry Permit Law's requirement that an applicant complete a safety course is discriminatory on the basis of race, financial ability, and state citizenship, (*see generally* Compl.).  The Complaint is devoid of any specific reference to the Concealed Carry Permit Law's impact on Plaintiff.  He does not claim that he has applied for or was denied a permit, that he took or attempted to take the required safety course, or that he has applied or plans to apply for a New York state firearms license.  (*See generally* Compl.)  Nor has Plaintiff alleged that he has "endured enforcement of the statute he challenges" or that threatened enforcement is "sufficiently imminent."  *G.B. v. Nassau County*, 751 F. Supp. 3d 56, 63 (E.D.N.Y. 2024) (quoting *Picard*, 42 F.4th at 97).  In sum, in the absence of a well-pled cognizable injury, "there is no injury-in-fact, and therefore no Article III standing."  *Pinks v. M&T Bank Corp.*, No. 13-CV-1730, 2017 WL 11773916, at *2 (S.D.N.Y. Mar. 31, 2017), *report and recommendation adopted*, No. 13-CV-1730, 2017 WL 11913847 (S.D.N.Y. July 17, 2017).

Plaintiff has also not pled any facts that causally connect an alleged injury to Defendant.  (*See generally* Compl.)  Plaintiff has not alleged that Defendant plays any role in the pricing and availability of the safety courses.  The New York State Police Superintendent decides licensing applications only for retired members of the New York State Police, *see* N.Y. Penal L. § 400.01, but Plaintiff has not alleged that he is a retired member of the state police.  While the superintendent approves the safety course curriculum, *id.* § 400(19), Plaintiff makes no allegations as to the contents of the course.  In short, there are no allegations that any injury of Plaintiff's is fairly traceable to Defendant.  This is a separate ground on which the Court finds

that Plaintiff lacks standing.  *See Libertarian Party v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020)

(in concealed-carry permit challenge, affirming dismissal of claims against the New York

Governor, New York Attorney General and New York State Police Superintendent because "the

only defendants to whom their alleged injuries were fairly traceable were the judges who denied

their respective applications."), *abrogated in part on other grounds by N.Y. State Rifle & Pistol

Ass'n v. Bruen*, 597 U.S. 1, 11 (2022); *Corbett*, 2024 WL 3553132, at *4 (finding that plaintiff

lacked standing where the injury was not fairly traceable to the challenged actions of

defendants).[2]

### III.  Conclusion

For the reasons set forth above, the Motion is granted.  Because this is the first

adjudication on the merits, Plaintiff's claims are dismissed without prejudice.  If Plaintiff wishes

to file an Amended Complaint alleging additional facts and otherwise addressing the deficiencies

the Court has identified, Plaintiff must do so within 30 days of the date of this Order. The

Amended Complaint will replace, not supplement, the previous Complaint.  The failure to timely

file an Amended Complaint may result in the dismissal of this Action with prejudice.  The Clerk

---

[2] Defendant also argues that Plaintiff's alleged injuries are not redressable and that Plaintiff does not have "taxpayer standing." (Def's Mem. 14.)  Because the Court finds that Plaintiff has failed to establish injury-in-fact or a sufficient causal connection, it declines to engage in a redressability analysis.  As for the taxpayer standing argument, the Court agrees with Defendant that Plaintiff does not allege anywhere in his Complaint that he is a taxpayer. (*See* Compl.)  Even if he had, he could not establish taxpayer standing as the Complaint is devoid of any allegations of "a measurable appropriation or loss of revenue attributable to the challenge activit[y]," or that "the defendant made the appropriation 'solely for the activities that [the] plaintiff[]' challenges."  *Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge*, 98 F.4th 386, 391 (2d Cir. 2024) (quoting *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 74 (2d Cir. 2001)).

of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 28 and mail a

copy of this Opinion to Plaintiff.

SO ORDERED.

Dated:    September 25, 2025
          White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

15