UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PETER PEALE, | | |
| | Plaintiff, | 23-CV-2292 (KMK) |
| v. | | AMENDED |
| STEVEN G. JAMES, | | ORDER |
| | Defendant. | |

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Peter Peale brings this pro se Action, for which he has paid the fees,

which was originally filed asserting allegations that New York Penal Law § 400.00(19), which

requires completion of a training class to obtain a concealed carry gun permit, violates his rights

under the Second and Fourteenth Amendments to the United States Constitution. (*See generally*

Compl. (Dkt. No. 1).) Defendants moved to dismiss, and the Court granted the motion,

concluding both that Plaintiff did not properly serve Defendant and that Plaintiff lacked standing.

*See Peale v. James*, No. 23-CV-2292, 2025 WL 2732859, at *4–6 (S.D.N.Y. Sept. 25, 2025).

The Court gave Plaintiff 30 days to file an Amended Complaint, and advised Plaintiff that the

Amended Complaint would "replace, not supplement, the previous Complaint." *Id.* at *6.

On the date of the 30-day deadline, Plaintiff filed a document styled as an amended

complaint. (*See* Dkt. No. 40.) The document, however, simply identified Plaintiff's concerns

with the summons issued in this case. (*See id.*) Given that there was no operative complaint

before the Court, the Court directed Plaintiff to file an Amended Complaint by November 12,

2025, and explained that "failure to file timely an Amended Complaint may result in the

dismissal of this Action with prejudice." (*See* Dkt. No. 41.) On November 25, 2025, Defendant

filed a letter requesting that the Court dismiss Plaintiff's "Complaint,"[1] with prejudice "due," in part, "to Plaintiff's repeated failure to prosecute this case." (Dkt. No. 42.) The Court directed Plaintiff to respond to this letter by December 20, 2025. (Dkt. No. 43.)

On December 7, 2025, Plaintiff filed a letter motion contending first that Defendant's request for dismissal should be denied because the Defendant "should not get a pass on violating the [Second] [A]mendment for [New York State] citizens." (Dkt. No. 44 at 2.) Plaintiff further stated that he was "capable of writing an amended complaint, but needs assistance." (*Id.*) He therefore requested that the court "assign pro bono legal assistant that can be offered to the Plaintiff, on how to best Amend the Complaint to rectify any outstanding issues that the court may have with this civil case and how to correct them." (*Id.* (sic).)

Plaintiff's request for the appointment of counsel is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Even where a person qualifies to receive counsel due to indigence, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see*

---

[1] The Court notes that Plaintiff's Complaint has already been dismissed, and there is no operative complaint before the Court. Accordingly, the Court construes Defendant's request as a request that the Court convert its prior dismissal without prejudice to one with prejudice in light of an asserted failure to prosecute the case. *See Smith v. Dinoia*, No. 19-CV-4471, 2020 WL 4041449, at *1 (S.D.N.Y. July 17, 2020) (converting prior dismissal of claims without prejudice to dismissal with prejudice based on failure to prosecute).

*also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an

3

applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

First and foremost, the appointment of counsel is not appropriate because Plaintiff has not provided materials that would allow the Court to conclude that he is an "indigent" person who would qualify for appointment of counsel under the statute. *See Segal v. New York Mil. Acad.*, No. 21-CV-6872, 2025 WL 463310, at *2 (S.D.N.Y. Jan. 7, 2025) (concluding that plaintiff qualified as indigent under the statute where plaintiff was unemployed and, prior to unemployment, made only twenty dollars an hour, had no additional sources of income, and had been "constrained" in their efforts to retain counsel "by poverty-level living conditions").

Even if Plaintiff had provided these materials, the Court cannot conduct the first part of the *Hodge* inquiry because there is no operative complaint in this Action. And putting that deficiency to the side by looking to Plaintiff's initial Complaint, Plaintiff would not satisfy the first prong of the two-step inquiry outlined in *Hodge* because, as described in the Court's earlier opinion, that Complaint failed due to lack of standing.

Turning to the second inquiry regarding prudential factors, moreover, the Court finds that Plaintiff has not shown why he needs counsel.

First, Plaintiff does not explain whether he has sought to obtain counsel in this matter at all before asking the Court to appoint counsel. Because Plaintiff has not demonstrated that he made any effort to engage counsel, his request must be denied. *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because

the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application").

Second, setting aside Plaintiff's failure to demonstrate he has attempted to obtain counsel, Plaintiff cannot satisfy step two of the inquiry regarding prudential factors without providing the Court further information on why he needs counsel.  Plaintiff's letter requests counsel but offers no explanation as to why appointment of counsel would lead to a more just result or demonstration that the legal and factual issues are too complex for a layperson.  *See Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (denying application for counsel where the plaintiff "fail[ed] to state a reason why appointment of counsel would increase the likelihood of a just determination in this case"); *Martinson v. Menifee*, No. 02-CV-9977, 2003 WL 1878240, at *1 (S.D.N.Y. Apr. 11, 2003) (denying application for counsel where the plaintiff failed to explain "why he [was] unable to litigate this matter on his own").  Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with any grounds at all to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice.  Should circumstances materially change, Plaintiff may renew this request at a later date.

As to Plaintiff's request for additional time to file his Amended Complaint, the Court admonishes Plaintiff that this case has already been lingering for multiple years, in part due to Plaintiff's failure to oppose Defendant's Motion to Dismiss even after seeking and obtaining a

generous extension of his time to respond to that Motion.  (*See* Dkt. No. 33; Dkt. No. 38.)

Moreover, the Court has already granted Plaintiff extra time to file his Amended Complaint, and

he has failed to do so.  Still, in the name of fairness to Plaintiff as a pro se litigant, Plaintiff may

have until January 23, 2026, to file an Amended Complaint.  **No further extensions will be**

**granted, and the Court is virtually certain to dismiss this Action for failure to prosecute if**

**Plaintiff fails to file his Amended Complaint by January 23, 2026.**

The Clerk of Court is respectfully directed to terminate the pending motion, (*see* Dkt. No.

44), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  December 23, 2025
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge